UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:25-cv-00232 |
| | ) |
| LION REAL ESTATE GROUP, LLC | ) |
| d/b/a AVERY APARTMENTS, | ) |
| | ) |
|     Defendants. | |

## MEMORANDUM OPINION AND ORDER

The Declaratory Judgment Act—28 U.S.C. § 2201—permits courts to declare the rights of interested parties, but only when subject matter jurisdiction independently exists. That means, for diversity cases, complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Here, Century Surety Company ("Century") seeks a declaration that it owes no duty to defend or indemnify Lion Real Estate Group, LLC ("Lion") in an ongoing state-court personal injury suit. But Century never alleged an amount in controversy, and it essentially concedes as much. The Court must therefore grant Lion's motion to dismiss (Doc. No. 11).

I.     **FACTUAL ALLEGATIONS AND BACKGROUND**[1]

Century insures Lion under a commercial liability policy. (Doc. No. 1 ¶¶ 6-7). In May 2024, a resident of Lion's apartment complex sued Lion in Davidson County Circuit Court, alleging injuries from mold exposure. (Id. ¶ 8). Century seeks a declaration that it has no coverage obligations for the ongoing state-court case. (Id. ¶¶ 10-15).

---

[1] Unless noted otherwise, the Court draws the facts in this section from the Complaint (Doc. No. 1) and assumes the truth of those allegations to rule on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II. LEGAL STANDARD

"When a motion [to dismiss] is based on more than one ground, the [C]ourt should consider the Rule 12(b)(1) challenge first since, if it must dismiss the complaint for lack of subject matter jurisdiction, the other defenses and objections become moot and need not be determined." J.A. by & through S.A. v. Williamson Cnty. Bd. of Educ., 731 F. Supp. 3d 938, 945 (M.D. Tenn. 2024). When a defendant challenges subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986).

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014) (citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994)). A factual attack challenges the factual existence of subject matter jurisdiction. Id. In the case of a factual attack, the Court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists. Id. This may include evidence outside of the pleadings, and the Court may weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. Id. Here, Lion makes a facial challenge, so the Court limits its consideration to the allegations of the Complaint and assumes them to be true.

## III. DISCUSSION

Lion advances several grounds for dismissal: (1) that Century lacks standing (Doc. No. 12 at 4-5), (2) that Century's amount-in-controversy allegations are insufficient (id. at 5-7), (3) that the Court should decline to exercise jurisdiction over this declaratory judgment action (id. at 7-18), and (4) that Century failed to join a necessary "additional insured" under the policy (id. at 18-20). The Court need only address Century's diversity allegations, which fail.

### A. Century Has Not Established That the Amount in Controversy Exceeds $75,000

It is well-settled that the party asserting subject matter jurisdiction "bears the burden of establishing that such jurisdiction exists." Hale v. Morgan Stanley Smith Barney LLC, 982 F.3d 996, 997 (6th Cir. 2020). The Court "cannot assume that jurisdiction exists." Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 557 (6th Cir. 2012). And it has "an independent obligation to determine whether subject matter jurisdiction exists." Max Arnold & Sons, LLC v. W.L. Hailey & Co., 452 F.3d 494, 504 (6th Cir. 2006).

Diversity jurisdiction requires complete diversity among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The plaintiff must demonstrate a reasonable probability that the amount-in-controversy requirement is satisfied. See Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 462-63 (6th Cir. 2010). The amount in controversy alleged must be plausible—i.e., the amount must be "factually or legally supported." See Bey v. Ally Bank, Inc., No. 22-5273, 2022 WL 19765117, at *2 (6th Cir. Nov. 16, 2022).

Here, Century's diversity allegations are plainly insufficient. The Complaint contains no amount-in-controversy allegations and offers no facts about damages—the bare minimum to invoke diversity jurisdiction. The attached state-court complaint, moreover, only alleges damages "in excess of $25,000." (Doc. No. 1-1 at 7). Century does not dispute this, instead characterizing the problem as "technical" and saying it could be "cured through simple amendment." (Doc. No. 13 at 2). It also requests "leave to amend" to cure the deficiency. (Id.). But Century could have amended as of right under Rule 15(a)(1)(B) rather than opposing the motion at all. Indeed, Century has been on notice of this issue since Lion moved to dismiss eleven months ago and still no motion to amend is before the Court. Century has thus left the Court with no choice but to address this threshold jurisdictional issue nearly a year into the case, while substantive questions about the declaratory action go unresolved.

B.  The Court Cannot Reach the Discretionary Arguments

The parties devoted substantial briefing to whether the Court should decline to hear this case under the factors in Grand Trunk W. R. Co. v. Consol. Rail Corp., 746 F.2d 323 (6th Cir. 1984). Those arguments may or may not have merit. But the Declaratory Judgment Act authorizes relief only in "a case of actual controversy." 28 U.S.C. § 2201(a). Because Century has not established jurisdiction, the Court cannot decide whether it should hear the declaratory action. Cf. W. Bend Mut. Ins., Co. v. Wood Tree Serv., LLC, No. 3:24-CV-00766, 2025 WL 2210753, at *3 (M.D. Tenn. Aug. 4, 2025) (reasoning that district courts have discretion to decline to hear a declaratory judgment action, but only after the court is satisfied that diversity jurisdiction exists).

## IV. CONCLUSION

For the foregoing reasons, Lion's motion to dismiss (Doc. No. 11) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE